UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALLIED WORLD SURPLUS LINES INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | |
| AMEDISYS, INC. | NO. 21-00379-BAJ-EWD |

### RULING AND ORDER

Plaintiff-Insurer Allied World Surplus Lines Insurance Company ("Allied") seeks a declaratory judgment that it owes no coverage under an excess liability insurance policy (the "Umbrella Policy") issued to Defendant-Insured Amedisys, Inc., due solely to Amedisys's alleged failure to provide timely notice of loss. (Doc. 1). Now, Allied moves for summary judgment, arguing that the undisputed facts establish what it alleges in its Complaint: Amedisys learned of a potential claim against the Umbrella Policy on June 30, 2015, yet failed to inform Allied of the claim until February 25, 2021—nearly six years later—despite the Umbrella Policy's Reporting/Notice clause requiring that, "as condition precedent to any right to coverage," all claims must be reported "no later than 10 days after the end of each calendar quarter." (Doc. 21). Amedisys opposes Allied's Motion. (Doc. 28).

The summary judgment standard is well-set: to prevail, Allied must show that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In making this assessment, the Court must view all evidence and make all reasonable inferences in the light most favorable to Amedisys, the non-moving party. *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824

(5th Cir. 2022). Even so, Amedisys's evidence must be concrete: "A non-movant will not avoid summary judgment by presenting speculation, improbable inferences, or unsubstantiated assertions." *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (quotation marks omitted); *accord Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts").

The material facts are not in dispute. In 2015, Allied issued the Umbrella Policy to Amedisys, covering a Policy Period of February 20, 2015 to February 20, 2016. (Doc. 28-4 at ¶ 1). The Umbrella Policy is excess to a separate automobile liability policy issued to Amedisys by National Continental Insurance Company. (*Id.* at ¶ 2).

The Umbrella Policy defines "**Claim**" as a "written demand seeking monetary damages," and includes among its Conditions a Reporting/Notice clause stating that "The **Insured** must, as a condition precedent to any right to coverage under this Policy, comply with the notice and reporting provisions set forth below. …":

> All **Claims** and circumstances including, but not limited to, those listed in subsection D.1[1], should be summarized in a Quarterly Loss Run Report, which shall include, at minimum: a description of the nature of the **Claim**/circumstance, the date the **Claim** was made, the date of loss, the claimant's name, the names of any involved parties, the status of the **Claim**/circumstance, and the reserved, paid and incurred amounts for each **Claim**/circumstance. The Quarterly Loss Run Report will serve as notice for those **Claims**/circumstances not subject to the above reporting criteria, and must be received by the **Insurer**, in writing (or electronically if the **Insurer** requests), no later than 10 days after the end of each calendar quarter. Such Quarterly Loss Run Reports should be sent to the **Insurer** at the address specified in Item 5 of the

---

[1] Subsection D.1 requires "prompt notice" of any claim involving nine major qualifying events, none of which are at issue here.

Declarations.

(*Id.* at ¶¶ 4, 6-8 (emphasis in original)).

On June 30, 2015, an Amedisys employee was involved in a car accident with non-party Larry McCraney, near Ellisville, Mississippi. (*Id.* at ¶ 10). Amedisys admittedly learned of the accident the day it occurred, yet failed to include the potential McCraney claim in its subsequent Quarterly Loss Run Report (QLRR). (*Id.* at ¶ 11).

On August 30, 2019, Mr. McCraney added Amedisys as a defendant in his ongoing Mississippi state court lawsuit arising from the June 30 accident, alleging employer liability. (*Id.* at ¶¶ 12-14). Mr. McCraney served Amedisys the state court complaint *three* times: on October 18, 2019, December 19, 2019, and May 13, 2020. (*Id.* at ¶ 15). Still, Amedisys failed to include the McCraney claim in any subsequent QLRR.

Instead, inexplicably, Amedisys waited until February 25, 2021 to notify Allied of the McCraney claim. Even then, Amedisys did not include the McCraney claim in its QLRR, but instead sent an email to Allied's general NoticeofLoss@awac.com inbox, stating: "Please accept this notice as a possible **Excess Liability Claim** for **Amedisys, Inc. Policy 0307-3226, Policy Period: 2/20/2015-2016.**" (Doc. 21-11 at ¶ 17).[2] Allied responded by letter dated June 30, 2021, stating that "the February 25,

---

[2] Amedisys purports to "deny" this fact, stating that "[a]dditional discovery will show when Allied World received notice of the McCraney Claim," and referring the Court to a Rule 56(d) declaration submitted by Amedisys's counsel. (Doc. 28-4 at ¶ 17). Significantly, however, counsel's declaration offers no concrete basis to conclude even that Amedisys *might* have notified Allied of the McCraney claim at an earlier date, and states only that discovery of

3

2021 notice of the claim to Allied World may be untimely and may preclude coverage under the Policy's Reporting/Notice provision, compliance with which is a "condition precedent to any coverage under this Policy," pending Amedisys's submission of any "relevant documents purporting to establish initial notice of the claim to Allied." (Doc. 21-10 at pp. 2, 10; *see* Doc. 28-4 at ¶ 19). By the same letter, Allied "fully reserve[d] all of its rights under the Allied World Policy and applicable law." (Doc. 21-10 at p. 10). Immediately thereafter, Allied initiated this action. (Doc. 1).

"The terms of an insurance contract have the effect of law between the parties," *Am. Deposit Ins. Co. v. Myles*, 2000-2457 (La. 4/25/01), 783 So. 2d 1282, 1286–87 (citing La. C.C. art. 1983), and plainly an insurer and an insured may contract to condition coverage on the insured's timely notice of claims. *See Anco Insulations, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 787 F.3d 276, 284 (5th Cir. 2015) (citing authorities). Here, Allied expressly conditioned coverage of *all* claims under the Umbrella Policy on notice "no[t] later than 10 days after the end of each calendar quarter." Yet, despite knowing of the McCraney accident the day it occurred (on June 30, 2015), and having been served *multiple* times in the McCraney lawsuit (on October 18, 2019, December 19, 2019, and May 13, 2020), Amedisys delayed notifying Allied of the McCraney claim until February 25, 2021. By any measure, Amedisys's claim is

---

additional "communications will tend to show when Allied World was first on notice of the McCraney Lawsuit." (Doc. 28-3 at ¶ 4). Again, "speculation" is not enough to create a contested issue of fact. *Jones*, 936 F.3d at 321. Consistent with the Court's Local Civil Rules stating that a party's failure to properly controvert a fact at summary judgment will result in that fact being deemed admitted, the Court rejects Amedisys's "denial" and deems admitted that Amedisys first notified Allied of the McCraney claim on February 25, 2021. *See* M.D. La. LR 56(d), 56(f); *Thompson v. UOP LLC*, No. 20-cv-00454, 2022 WL 2111339, at *5 n.9 (M.D. La. June 10, 2022) (Jackson, J.).

untimely and Allied is relieved of any obligation to reimburse Amedisys for associated costs. *E.g.*, *id*. ("In line with our precedent and that of the Louisiana courts, we hold that Anco's failure to comply with the [condition precedent] notice provision of the policy precludes coverage of its untimely tendered lawsuits.").

Amedisys does not dispute the terms of the Umbrella Policy's Reporting/Notice clause (Doc. 28-4 at ¶¶ 6-8), but nonetheless opposes this result, attempting to create ambiguity where there is none. First, Amedisys argues that the Umbrella Policy is an "occurrence-based policy"—as opposed to a "claims-made-and-reported policy"—and therefore "does not require any notice."[3] (Doc. 28 at pp. 6-7). This distinction is without difference, however, when (as here) timely notice is a "condition precedent" to coverage of *all* claims under the policy. *See, e.g.*, *Anco*, 787 F.3d at 283-84 (enforcing "condition precedent" notice requirement in occurrence-based policy (citing authorities)); *Joslyn Mfg. Co. v. Liberty Mut. Ins. Co.*, 30 F.3d 630, 635 (5th Cir. 1994) (same).

Second, Amedisys complains that Allied "has not shown actual prejudice" resulting from delayed notice of the McCraney claim. (Doc. 28 at pp. 14-16). Even so, "Louisiana law does not require an insurer to demonstrate prejudice as a result of late tender when timely notice is a condition precedent to coverage." *Anco*, 787 F.3d at 284.

---

[3] As a general rule, an "occurrence-based policy" provides lifetime coverage for incidents that occur during a policy period, regardless of when the claim is reported. By contrast, a "claims-made-and-reported policy" generally covers only incidents that occur *and* are reported within the policy period. *See Anderson v. Ichinose*, 98-2157 (La. 9/8/99), 760 So. 2d 302, 305.

5

Third, Amedisys insists that, under Rule 56(d), it could properly oppose Allied's motion if only it had more time for discovery. (Doc. 28 at pp. 18-21). In support, Amedisys offers a declaration from counsel speculating that additional document discovery "will tend to show when Allied … was first on notice of the McCraney Lawsuit," and, further, whether "Allied … has waived its right to assert a coverage defense by controlling and participating in the adjustment of the underlying claim and by communicating with personnel from the underlying policy carrier [National Continental]." (Doc. 28-3 at ¶¶ 4, 6). Of course, such additional documents would *not* address the dispositive issue of when *Amedisys* first notified Allied of the McCraney claim. Moreover, and in any event, Amedisys offers no analysis or even a single case addressing how Allied's alleged "participat[ion] in the adjustment of the underlying claim"—to the extent such participation even occurred—could upend the "condition precedent" notice requirement. This Court has repeatedly warned that it "will not speculate on arguments that have not been advanced, or attempt to develop arguments on a party's behalf," *United States v. Grigsby*, --- F.Supp.3d ----, 2022 WL 11269773, at *12 (M.D. La. Oct. 19, 2022) (quotation marks omitted) (Jackson, J.). Amedisys's Rule 56(d) proffer is (once again) too vague and speculative to justify extending discovery. (*See* Doc. 25).

Finally, in a late-filed sur-reply, Amedisys asks the Court to take notice that the Nineteenth Judicial District Court for the Parish of East Baton Rouge, in an *unrelated* case, recently denied Allied's motion for summary judgment "seeking a declaration of no coverage in connection with a vehicular accident." (Doc. 41 at p. 1).

6

At the same time, Amedisys *admits* that this other case "involve[es] another Allied World entity, an insurance policy worded somewhat differently, and an unrelated accident." (*Id.* at p. 2). Whatever may be said of the state court's reasoning, it plainly has no control over the outcome of the proceedings here.

Accordingly,

**IT IS ORDERED** that Allied's **Motion For Summary Judgment (Doc. 21)** be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Allied's **Motion For Leave To File Supplemental Memorandum In Further Support Of Its Motion For Summary Judgment (Doc. 49)** be and is hereby **DENIED AS MOOT**.

Judgement shall be entered separately, declaring that Allied owes no obligation of insurance coverage or defense expenses for the McCraney claim.

Baton Rouge, Louisiana, this 12th day of January, 2023

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**